NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. BANK, N.A., Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank, NA, as Trustee, on Behalf of the Holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-OA5, <br><br>     Plaintiff-counter-defendant-Appellant, <br><br>  v. <br><br> RED ROCK FINANCIAL SERVICES, LLC; SHADOW SPRINGS COMMUNITY ASSOCIATION, <br><br>        Defendants-Appellees, <br><br> EAGLE INVESTORS, <br><br>     Defendant-counter-claimant-Appellee. | No.   19-16566 <br><br> D.C. No. 2:16-cv-02785-JCM-NJK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 12, 2020[]
San Francisco, California

Before: GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

Plaintiff U.S. Bank, N.A., timely appeals from the summary judgment entered in favor of Defendants Red Rock Financial Services, LLC; Shadow Springs Community Association ("Shadow Springs"); and Eagle Investors. Applying Nevada law, the district court held that Eagle Investors held valid title to the disputed property. Reviewing de novo, CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n, 962 F.3d 1103, 1106 (9th Cir. 2020), we affirm.

1. The district court correctly held that Eagle Investors met its burden of proving superior title. See Res. Grp., LLC v. Nev. Ass'n Servs., 437 P.3d 154, 156 (Nev. 2019) (en banc) ("[E]ach party in a quiet title action has the burden of demonstrating superior title in himself or herself."). The foreclosure sale, validly conducted pursuant to Nevada Revised Statutes section 116.31162 through section 116.21168,[1] complied with all statutory requirements, thereby extinguishing all liens with priority lower than Shadow Springs' lien. SFR Invs. Pool 1, LLC v. U.S.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

[1] All citations to the Nevada Revised Statutes are to the version of the code in effect at the time of the foreclosure sale.

Bank, N.A., 334 P.3d 408, 410–12 (Nev. 2014) (en banc) superseded by statute on other grounds as stated in Saticoy Bay LLC 9050 W Warm Springs 2079 v. Nev. Ass'n Servs., 444 P.3d 428 (Nev. 2019). Reviewing the undisputed evidence, the only reasonable inference is that part of the lien was for unpaid "assessments for common expenses." Nev. Rev. Stat. § 116.3116(2). Accordingly, the foreclosure sale extinguished the deed of trust. See SFR Invs., 334 P.3d at 419 ("NRS 116.3116(2) gives [a homeowner's association] a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust.").

2. The district court correctly held that no equitable basis exists for setting aside the sale. Even assuming that Shadow Springs' letters misstating the legal effect of the lien constituted unfairness, U.S. Bank has not pointed to any evidence, such as its own reliance on the letters not to contest the sale, that the letters affected the sale. See Res. Grp., LLC, 437 P.3d at 160–61 (holding that "a court may set the sale aside" only "if the totality of the circumstances demonstrates that the sale itself was affected by 'fraud, unfairness, or oppression'"); Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 648–49 (Nev. 2017) ("[I]f the district court closely scrutinizes the circumstances of the sale and finds no evidence that the sale was affected by fraud, unfairness, or oppression, then the sale cannot be set aside, regardless of the inadequacy of price." (emphasis added)); see also Res. Grp. LLC, 437 P.3d at 160 ("The party

3

seeking to set aside the sale on equitable grounds bears the burden to produce evidence showing that the sale was affected by fraud, unfairness, or oppression that would justify setting aside the sale." (internal quotation marks and brackets omitted)).

**AFFIRMED.**